# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1233V
Filed: June 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| MICHAEL REID and JAMIE REID, | * | UNPUBLISHED |
| *Parents of and on Behalf of a Minor* | * | |
| *Child*, M.R., | * | |
| | * | Decision on Attorneys' Fees and Costs; |
| Petitioners, | * | Reduced Hours Expended. |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Jack Edward Grewer, Jr., Esq.*, Grewer Law Group, Yorkville, IL, for petitioner.
*Lisa Ann Watts, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 23, 2014, Michael Reid and Jamie Reid ("Mr. Reid," and "Ms. Reid," or "petitioners") filed a petition for compensation on behalf of their minor child, M.R., under the National Vaccine Injury Compensation Program.[2]  Petitioners alleged that M.R. suffered from an arterial ischemic stroke after receiving a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine on December 27, 2012.  *See* Petition ("Pet."), ECF No. 1.  On December 1, 2016 the parties filed a "Joint Stipulation of Dismissal" requesting that the case be dismissed.  ECF No.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

49.  The undersigned issued an order dismissing this case without prejudice on December 2, 2016.  Order Concluding Proceedings, ECF No. 53.

On May 3, 2017, petitioners filed a Motion for Attorneys' Fees and Costs.  *See* Motion for Fees, ECF No. 54.  Petitioners request attorneys' fees in the amount of $48,030.00, and attorneys' costs in the amount of $3,430.09, for a total amount of $51,460.09.  *Id*. at 1.  In accordance with General Order #9, petitioners' counsel represents that the petitioners did not incur any out-of-pocket expenses.  *Id*.

On May 15, 2017, respondent filed a response to petitioners' Motion for Fees.  Response, ECF No. 55.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3.  On May 15, 2017, petitioner filed a reply to respondent's Response, noting that respondent was satisfied the statutory requirements in this case had been met.  *See* Reply, ECF No. 56.

Petitioner's counsel is located in and performed all work in this case from Yorkville, Illinois.  Accordingly, the undersigned ordered petitioners to file evidence of the local hourly rates for attorneys with similar experience and practice in Yorkville, Illinois.  Scheduling Order, ECF No. 57.  Petitioners filed a Supplemental Motion for Attorneys' Fees on June 1, 2017, in which they provided sufficient evidence that forum rates are appropriate for their counsel, Mr. Grewer.  The documentation supports that Mr. Grewer's practice in Yorkville, located in Kendall County, is part of the greater Chicago Metropolitan area as is more specifically explained below. ECF No. 58.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  That product is then adjusted upward or downward based on other specific findings.  *Id*.

Special Masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl.

201, 209 (Fed. Cl. 2009).  Special Masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

## II. Discussion

### A.     Reasonable Hourly Rate

In general, the hourly rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  *Rodriguez v. Sec'y of Health and Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id.* This is known as the *Davis County* exception.  *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, Mr. Grewer works in Yorkville, Illinois, which is located approximately 50 miles outside of Chicago in Kendall County.  However, according to the Bureau of Labor Statistics, Kendall County is considered a part of the Chicago, Naperville-Arlington Heights, Illinois, Metropolitan Division.[3]  Special Masters have consistently awarded forum rates to legal professionals practicing in the greater Chicago area.  *See, e.g.*, *O'Connor v. Sec'y of Health & Human Servs.*, No. 16-846V, 2017 WL 2303172 (Fed. Cl. Spec. Mstr. Apr. 27, 2017); *Jackson v. Sec'y of Health & Human Servs.*, No. 14-1217V, 2017 WL 2243092 (Fed. Cl. Spec. Mstr. Apr. 26, 2017).  Moreover, the customary rate for personal injury attorneys with more experience than Mr. Grewer who work in Kendall County is $325 per hour.[4]  Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides a framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[5]  Mr. Grewer has been a member of the Illinois Bar since 2004; thus, the applicable range under *McCulloch* is $300-$375.  Because this is Mr. Grewer's first case in the Vaccine Program, the lower end of the range is appropriate. *See Srour v. Sec'y of Health & Human Servs.*, No. 14-283V, 2017 WL 2537373, at *4 (Fed. Cl. Spec. Mstr. May 17, 2017) (awarding hourly rate based in part on "specific experience with the

---

[3] *May 2016 Metropolitan and Nonmetropolitan Area Definitions*, Bureau of Labor Statistics (Mar. 31, 2017), https://www.bls.gov/oes/current/msa_def.htm#16974.

[4] Motion for Fees, ECF No. 58, Exh. 3 at 1.

[5] This fee schedule is posted on the court's website.  *See Office of Special Masters: Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

Vaccine Program"); *Dipietro v. Sec'y of Health & Human Servs.*, No. 15-742V, 2016 WL 7384131, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (considering level of experience in the Vaccine Program in determining appropriate hourly rate). This determination also accords with the rate requested by Mr. Grewer. Therefore, the undersigned will award attorneys' fees at a rate of $300 per hour.

**B. Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, Special Masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that some of the work performed was inappropriately billed at Mr. Grewer's rate of $300 per hour. *See O'Neill*, 2015 WL 2399211, at *9.[6] Specifically, Mr. Grewer charged $300 for all of the work performed in this case, including administrative, paralegal, secretarial, and clerical tasks such as reviewing and paying invoices, setting up meetings, and making travel arrangements.[7] For these reasons, the undersigned finds that the requested $48,030.00 should be reduced by 15%. Accordingly, $40,825.50 is awarded in attorneys' fees.

---

[6] The following entries are examples and are not exhaustive; they merely provide a sampling.

[7] *See, e.g.*, Motion for Fees, ECF No. 54-1 at 5 ("Received and reviewed medical records and bills"); *id.* ("Mailed check to Dreyer."); *id.* at 7 ("Set a meeting to talk with Mr. Reid"); *id.* ("Set conference meeting with Mr. Reid"); *id.* ("Responded to Mr. Reids email explaining why he had to cancel our upcoming meeting"); *id.* at 8 ("Scanning medical records into the system as well as OCR"); *id.* at 11 ("[A]arranged a phone conference"); *id.* at 15 ("Discussed the bills with Aetna Insurance").

**B.      Reasonable Costs**

Petitioners requests a total of $3,430.09 in attorneys' costs.  *See* Motion for Fees, ECF No. 54-1.  The requested costs consist of expert fees and costs associated with obtaining medical records.  *Id*.  The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $44,255.59**,[8] representing reimbursement for attorneys' fees in the amount of $40,825.50 and costs in the amount of $3,430.09, in the form of a check made payable jointly to petitioners and petitioners' counsel, Jack Grewer, Esq.  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

<div align="right">

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

</div>

---

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.